DAVIS, Senior Circuit Judge,
concurring:
I am pleased to join Judge Gregory’s extraordinarily compelling opinion, which fully responds to the dissent’s overwrought and formalistic protestations that our judgment here presages an end to law as we know it. (Evidently, it is not enough simply for the dissent to say that there is no miscarriage of justice shown on this record.)
The dissenting opinion is hopelessly pleased with itself. This is not surprising, as it prostrates itself at the altar of finality, draped in the sacred shroud of judicial restraint. There is much that could be said about the dissenting opinion’s paean to finality, but one can hardly say it more poignantly or more persuasively than has Judge Rovner. See Hawkins v. United States, 724 F.3d 915, 919-25 (7th Cir.2013) (Rovner, J., dissenting from the denial of rehearing), en banc reh’g denied, 725 F.3d 680 (7th Cir.2013) (Rovner, J., joined by Wood, Williams, and Hamilton, JJ., dissenting from denial of rehearing en banc).
In any event, what’s remarkable is that, as viewed through the lens of our good friend’s dissenting opinion, it is perfectly fine for the United States Department of Justice, which is to say the Executive Branch, to bypass supposed reverence for finality on a case-by-case basis, through waivers of limitations and other devices, see ante, Maj. op., n. 6, but the Third Branch is duty-bound never to acknowledge instances in which law’s interest in finality must give way to competing values rooted in our shared abhorrence of manifest injustice. To devolve to the Executive Branch sole authority to identify a cognizable miscarriage of justice amounts to judicial abdication, not judicial restraint. Such an approach enjoys no legitimate place in our scheme of institutional checks and balances. The Third Branch’s transcendent role, in our enviable but imperfect system of criminal justice, is to afford protection from the loss of individual liberty resulting from profoundly erroneous decision-making, and not least of all, erroneous decision-making by the Third Branch itself, as in this very case.
The dissenting opinion favors what’s “finished” over what’s “right” and thereby blinks at a profound miscarriage of justice. It is wrong to do so.